**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1835**

THOMAS W. DOOLEY,

Plaintiff - Appellant,

v.

CAPSTONE LOGISTICS, LLC; NATIONAL FREIGHT HANDLERS, LLC; NATIONAL FREIGHT HANDLERS, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:17-cv-00282-EKD-RSB)

Submitted:  March 29, 2019                                  Decided:  April 16, 2019

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brittany M. Haddox, Terry N. Grimes, GRIMES & HADDOX, P.C., Roanoke, Virginia, for Appellant.  David I. Klass, Travis W. Vance, FISHER & PHILLIPS LLP, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Dooley filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), against Capstone Logistics, LLC; National Freight Handlers, LLC; and National Freight Handlers, Inc. (collectively, "Capstone"). He alleged that his supervisor at Capstone, Curtis Howe, sexually harassed him, and that he was fired in retaliation for reporting this harassment to Howe's supervisor, Benjamin Truett. The district court granted summary judgment to Capstone on the sexual harassment claim and judgment as a matter of law pursuant to Fed. R. Civ. P. 50 as to the retaliation claim. Dooley timely appealed.

A party is entitled to summary judgment where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). This court reviews an award of summary judgment de novo. *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 312 (4th Cir. 2018), *cert. denied*, __ S. Ct. __, No. 18-767, 2019 WL 659850 (U.S. 2019). In reviewing a grant of summary judgment, this court "construe[s] the evidence in the light most favorable to . . . the non-moving party [and does] not weigh the evidence or make credibility determinations." *Wilson v. Prince George's Cty.*, 893 F.3d 213, 218 (4th Cir. 2018) (citation omitted). "To survive summary judgment, there must be evidence on which the jury could reasonably find for the nonmovant." *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017) (brackets and internal quotation marks omitted).

> To establish a hostile work environment based on sexual harassment under [Title VII], a plaintiff-employee must prove that (1) the conduct was unwelcome; (2) it was based on the plaintiff's sex; (3) it was sufficiently

2

severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer.

*Crockett v. Mission Hosp., Inc.*, 717 F.3d 348, 354 (4th Cir. 2013). Where the alleged harasser and the employee are the same sex, as here, the Supreme Court has held that to establish harassment on the basis of sex, a plaintiff must show: (1) "credible evidence that the harasser was homosexual"; (2) "that the harasser is motivated by general hostility to the presence of [that sex] in the workplace"; or (3) "comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998) (internal alteration omitted).

After reviewing the record, we are not persuaded that Dooley demonstrated that Howe's alleged harassment of him was on the basis of his sex. Dooley did not produce evidence, beyond mere speculation, that Howe was homosexual. Similarly, we are not convinced that Dooley demonstrated that Howe treated him harshly because Howe was hostile to men, nor did Dooley demonstrate that Howe had any interactions with women in a mixed-sex workplace. Accordingly, he failed to establish that Howe's alleged harassment was on the basis of his sex.

"We review the district court's grant of a [Fed. R. Civ. P.] 50 motion *de novo*, viewing the evidence in the light most favorable to the party opposing the motion . . . and drawing all reasonable inferences in its favor." *A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 365 (4th Cir. 2008). "We must affirm if a reasonable jury could only rule in favor of [the moving] party; if reasonable minds could differ, we must reverse." *Id.*

3

"Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). Accordingly, to demonstrate a retaliatory firing, a plaintiff must establish a prima facie case of retaliation; the burden then shifts to the employer to articulate a nonretaliatory reason for the firing, and the plaintiff then has the burden to demonstrate that the articulated reason is pretextual. *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). To establish a prima facie case of retaliation, a plaintiff must show "(i) that [he] engaged in protected activity, (ii) that [the employer] took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Id.* at 217 (internal quotation marks omitted).

We are not persuaded that the court erred in granting Capstone's motion for judgment as a matter of law. Dooley failed to present sufficient evidence to generate a jury question as to whether he was fired in retaliation for reporting Howe to Truett. The only evidence he presented at trial concerning the termination was Dooley's testimony that Truett had offered two different reasons for firing him, and a coworker's testimony about an incident that Capstone proffers precipitated the firing for a nonretaliatory reason. Accordingly, we conclude that a reasonable jury could only rule for Capstone.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4